**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SWAROVSKI AKTIENGESELLSCHAFT and SWAROVSKI NORTH AMERICA LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," <br><br> Defendants. | Case No. 20-cv-01673 <br><br> **Judge Thomas M. Durkin** <br><br> **Magistrate Judge Sunil R. Harjani** |

**Declaration of Pablo Vanel**

**DECLARATION OF PABLO VANEL**

I, Pablo Vanel, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am Intellectual Property Counsel for Swarovski Aktiengesellschaft (together with Swarovski North America Limited, "Swarovski"). I am knowledgeable about or have access to business records concerning all aspects of the brand protection operation of Swarovski, including, but not limited to, its trademarks, copyrights, other intellectual property, sales, on-line sales, advertising, marketing, and media coverage. I make this declaration from matters within my own knowledge save where otherwise stated.

3. Swarovski is a world-famous designer, manufacturer and distributor of crystals, jewelry and other fine, luxury products. With more than 120 years of experience in high-quality craftsmanship and mastery of precision cutting, Swarovski is known for its crystals of unmatched range and brilliance. They are used in creative industries such as fashion, jewelry, accessories, interior design, and lighting. Swarovski crystals are the most technologically advanced in the world.

4. Swarovski designs, manufactures, and sells many high-quality crystal and gemstone products, including, but not limited to, jewelry, watches, accessories, handbags, sunglasses, figurines, and other decorative items (these and other genuine Swarovski branded products are collectively referred to herein as the "Swarovski Products"). Swarovski's finely crafted jewelry, watches, and fashion accessories provide modern and multifaceted women with a unique touch of sparkle, glamour, and elegance. Each of Swarovski's eye-catching designs

is infused with technical expertise and a passion for detail that has characterized the brand since its inception in 1895.

5. Swarovski Products are sold in approximately 170 countries worldwide, with production locations based in Austria, India, Thailand, Vietnam, Serbia and the United States. Number one in the fashion jewelry segment, Swarovski sells its creations in approximately 2,800 of its own branded stores around the globe, including 281 stores in the United States and a boutique in Chicago's Magnificent Mile shopping district.

6. Since its founding in 1895, the unique and highly desirable Swarovski Products have led to enormous growth and financial success for Swarovski. In 2017 Swarovski reported revenue of more than $4 Billion, with the crystal business alone generating revenue of more than $3 Billion worldwide.

7. The root of this financial success lies in Swarovski's ability to consistently deliver highly desirable Swarovski Products. Swarovski Products have become enormously popular and even iconic, driven by Swarovski's arduous quality standards and innovative designs. Among the purchasing public, genuine Swarovski Products are instantly recognizable as such. In the United States and around the world, the Swarovski brand has come to symbolize high quality, and Swarovski Products are among the most recognizable in the world.

8. Providing genuine Swarovski branded retail store services over the Internet to sell genuine Swarovski Products is an important part of Swarovski's business strategy. Since 1996, Swarovski has operated a website at swarovski.com where it promotes and sells genuine Swarovski Products. The swarovski.com website features proprietary content, images and

3

designs exclusive to Swarovski. **Exhibit 1** is a true copy of a portion of the swarovski.com website.

9. Swarovski has been using its trademarks in commerce continuously and consistently in the United States for many decades. Swarovski's trademarks are critical to its business. Swarovski is the owner of and has widely promoted several trademarks which have earned substantial fame and considerable goodwill among the public. Swarovski has used its family of trademarks (collectively, the "SWAROVSKI Trademarks") on or in close connection with its line of jewelry, figurines, and accessories, as well as in connection with packaging, retail store services, and online e-commerce. Swarovski Products and/or its packaging always include at least one of the SWAROVSKI Trademarks. Swarovski incorporates a variety of distinctive marks in its various Swarovski Products. Consequently, the United States Patent and Trademark Office has granted Swarovski multiple federal trademark registrations. Swarovski currently owns 63 federal trademark registrations and 13 pending applications, and it uses the SWAROVSKI Trademarks in connection with the marketing of its Swarovski Products. The SWAROVSKI Trademarks, including but not limited to those listed below, are famous and valuable assets of Swarovski.

| Registration No. | Trademark | Goods and Services |
|---|---|---|
| 934,915 | SWAROVSKI | For: Natural and imitation jewelry, cut and uncut semi-precious stones, beads for stringing into necklaces, or for attaching to fabrics for decorative purposes, of glass or synthetic materials, clusters of crystal or synthetic stones in the form of roses for decorative use on covering fabrics or garments, jeweled buttons for garments, crosses, pendants set or loose, pierced or unpierced, jewel ornamented souvenir articles, jewel ornamented ribbon or tape for |

| | | |
|---|---|---|
| | | decorative purposes for garments or home furnishings in class 008.<br><br>For: Decorative and functional glass containers, jewel-ornamented glasses in class 019. |
| 1,739,479 | SWAROVSKI | For: Lighting elements and their glass parts in class 011.<br><br>For: Genuine and artificial gemstones, jewelry in class 014.<br><br>For: All purpose handbags in class 018.<br><br>For: Glass candle sticks in class 021. |
| 2,402,230 | SWAROVSKI | For: Watches in class 014. |
| 3,239,948 | SWAROVSKI | For: Cosmetics, perfumes in class 003.<br><br>For: Handles and fittings for doors and drawers, partition wall panels, all mentioned goods primarily of common metal in class 006.<br><br>For: Spectacles and spectacle frames, sun glasses; opto-electrical apparatus for day and night observation, range finding, aiming, image recording and inspection, fine mechanical parts for optical measuring instruments; binoculars; telescopic sights, magnifying glasses, rifle scopes, oculars in class 009.<br><br>For: Chandeliers and chandelier pendants, chandelier parts of glass; bath and kitchen fittings for sinks, basins, bath tubs and showers in class 011.<br><br>For: Writing instruments in class 016.<br><br>For: Hand bags, purses, wallets in class 018.<br><br>For: Mirrors, frames, namely, mirror and picture frames in class 020.<br><br>For: Glassware, in particular figurines, decorative boxes, vases, candle sticks holders, hollow drinking glasses, tableware, namely, bowls, napkin rings, all mentioned goods primarily of glass in class 021. |

| | | |
|---|---|---|
| | | For: Clothing, in particular gloves, jeans in class 025.<br><br>For: Ornaments, namely, small metal plates and glass stones arranged in motives on a transparent plastic foil, which also includes textile, leather and metal for decorative use by ironing or hot pressing; buttons for clothing, snap fasteners, spangles, jewelry hair bands, decorative hair bands, clothing buckles in class 026.<br><br>For: Decorations for Christmas trees in class 028.<br><br>For: Retail store services, in particular for gem stones, jewelry, decorative articles primarily made of glass, spectacles, bags, lighting apparatus; organization of exhibitions for commercial or advertising purposes with respect to the above-mentioned goods and services; publicity and sales promotion for others in class 035.<br><br>For: Entertainment, education and cultural activities, in particular arranging and conducting seminars, workshops, symposiums and conferences, organisation of exhibitions for cultural or educational purposes, organisation of entertainment shows, organisation of fashion shows, presentation of live show performances, musical band performances in class 041. |
| 3,864,495 | SWAROVSKI | For: Printed matter, namely, greeting cards, posters, postcards, newsletters, pamphlets, catalogues, handbooks, manuals, books and prospectuses in the fields of jewelry, fashion, design, interior design, architecture, lighting, lifestyle and cosmetics in class 016. |
| 4,570,427 | SWAROVSKI | For: Headphones, in particular stereo headphones and in-ear-headphones; MP3-players, handheld computers, tablet computers, laptop computers, personal digital assistants, global positioning system (GPS) devices, electronic organisers, electronic note pads, mobile telephones, cameras, video cameras; blank USB flash drives; computer stylus for use with touch screens; bags, cases and covers specifically designed for headphones, computers, digital assistants and mobile telephones; optical lenses for |

6

| | | |
|---|---|---|
| | | telescopic sights for fire arms, field glasses and spy glasses; camera lenses; cases especially made for photographic apparatus; protective helmets for sports in class 009. |
| 4,916,075 | STARDUST | For: Jewelry; genuine and costume jewelry; bracelets; bangles; necklaces; pendants; earrings; rings being jewelry; brooches; charms being personal jewelry; jewelry ornaments in class 014. |
| 1,650,596 | (swan design) | For: Eyeglasses in class 009.<br><br>For: Lighting elements and their glass parts in class 011.<br><br>For: Watches and parts thereof, jewelry in class 014.<br><br>For: All purpose handbags in class 018.<br><br>For: Decorative items of glass, namely, animal figures, flowers, fruit bowls; glass candlesticks in class 021. |
| 2,408,747 | (swan design) | For: Watches in class 014. |
| 3,230,029 | (swan design) | For: sun glasses in class 009.<br><br>For: Chandeliers and chandelier pendants in class 011.<br><br>For: hand bags, purses, wallets in class 018.<br><br>For: mirrors and frames in class 020.<br><br>For: Glassware, in particular figurines, decorative boxes, vases, candle sticks holders, hollow drinking glasses, tableware, namely, bowls, napkin rings, all mentioned goods primarily of glass in class 021.<br><br>For: Clothing, in particular gloves in class 025. |

| | | |
|---|---|---|
| | | For: Decorations for Christmas trees in class 028.<br><br>For: Retail store services, in particular for gem stones, jewelry, decorative articles primarily made of glass, spectacles, bags, lighting apparatus; organization of exhibitions for commercial or advertising purposes with respect to the above-mentioned goods and services; publicity and sales promotion for others; in class 035.<br><br>For: Entertainment, education and cultural activities, in particular arranging and conducting seminars, workshops, symposiums and conferences, all the foregoing in the field of jewelry, arts and fashion; organization of exhibitions for cultural or educational purposes, organization of entertainment shows, organization of fashion shows, presentation of live show performances in class 041. |
| 3,864,494 | (swan logo) | For: Printed matter, namely, greeting cards, posters, postcards, newsletters, pamphlets, catalogues, handbooks, manuals, books and prospectuses in the fields of jewelry, fashion, design, interior design, architecture, lighting, lifestyle and cosmetics in class 016. |

10. The above U.S. registrations for the SWAROVSKI Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of the United States Registration Certificates for the above-listed SWAROVSKI Trademarks are attached hereto as **Exhibit 2**.

11. The SWAROVSKI Trademarks are exclusive to Swarovski, and are displayed extensively on or in close connection with Swarovski Products, Swarovski packaging, and in Swarovski's marketing and promotional materials. Swarovski Products have long been popular around the world and have been extensively promoted at great expense. In fact, Swarovski expends millions of dollars annually promoting and marketing the

8

SWAROVSKI Trademarks. Swarovski Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and renown as desired luxury items. Because of these and other factors, the Swarovski name and the SWAROVSKI Trademarks have become famous throughout the United States.

12. The SWAROVSKI Trademarks are distinctive when applied to the Swarovski Products and packaging, signifying to the purchaser that the products come from Swarovski and are consistent with Swarovski's quality standards. Whether Swarovski manufactures the products itself or licenses others to do so, Swarovski has ensured that products bearing or sold within packaging bearing the SWAROVSKI Trademarks are manufactured to the highest quality standards. The SWAROVSKI Trademarks have achieved tremendous fame and recognition which has only added to the distinctiveness of the marks. As such, the goodwill associated with the SWAROVSKI Trademarks is of incalculable and inestimable value to Swarovski.

13. The success of the Swarovski brand has resulted in its significant counterfeiting. Consequently, Swarovski has a worldwide anti-counterfeiting program and regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. In recent years, Swarovski has identified numerous fully interactive e-commerce stores, including those[1] operating under the seller aliases identified in Schedule A to the Complaint (collectively, the "Seller Aliases"), which were offering for sale and/or selling unauthorized and unlicensed products using infringing and counterfeit versions of Swarovski's federally registered SWAROVSKI Trademarks (the "Counterfeit

---

[1] The e-commerce store urls are listed on Schedule A to the Complaint under the Online Marketplaces and Domain Names.

Swarovski Products") to consumers in this Judicial District and throughout the United States.

14. I perform, supervise, and/or direct investigations related to Internet-based infringement of the SWAROVSKI Trademarks. Our investigation shows that Defendants are using the Seller Aliases to sell Counterfeit Swarovski Products from foreign countries such as China to consumers in the U.S. and elsewhere. I, or someone working under my direction, analyzed each of the e-commerce stores operating under the Seller Aliases and determined that Counterfeit Swarovski Products were being offered for sale to residents of the United States, including Illinois residents. This conclusion was reached through visual inspection of the products listed for sale on each e-commerce store, the price at which the Counterfeit Swarovski Products were offered for sale, other features commonly associated with e-commerce stores selling counterfeit products, and because Defendants and their e-commerce stores do not conduct business with Swarovski and do not have the right or authority to use the SWAROVSKI Trademarks for any reason. In addition, each e-commerce store offered shipping to the United States, including Illinois. Swarovski also conducted searches of the public WhoIs information regarding the Domain Names and identified the provided e-mail addresses for each domain. True and correct copies of screenshot printouts showing the active e-commerce stores operating under the Seller Aliases reviewed are attached as **Exhibit 3**, and WhoIs information for the Domain Names is attached as **Exhibit 4**.

15. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping

to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold Counterfeit Swarovski Products to residents of Illinois.

16. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, Western Union and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and design elements that make it very difficult for consumers to distinguish such stores from Swarovski's website or another authorized retailer. Swarovski has not licensed or authorized Defendants to use any of the SWAROVSKI Trademarks, and none of the Defendants are authorized retailers of genuine Swarovski Products.

17. Many Defendants also deceive unknowing consumers by using the SWAROVSKI Trademarks without authorization within the content, text, and/or meta tags of their e-commerce stores in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Swarovski Products. Other e-commerce stores operating under Seller Aliases omit using the SWAROVSKI Trademarks in the item title to evade enforcement efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Swarovski Products.

18. On information and belief, Defendants have engaged in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to Internet based e-commerce platforms. On information and belief, certain Defendants

11

have anonymously registered and maintained Seller Aliases to prevent one from learning their true identities and the scope of their e-commerce operation.

19. On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Counterfeit Swarovski Products. Such seller alias registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

20. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, illegitimate SEO, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Counterfeit Swarovski Products for sale by the Seller Aliases bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit Swarovski Products were manufactured by and come from a common source and that Defendants are interrelated.

21. On information and belief, Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

22. Counterfeiters such as Defendants typically operate under multiple Seller Aliases and payment accounts so that they can continue operation in spite of Swarovski's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore bank accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Swarovski.

23. On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Swarovski Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Swarovski, have jointly and severally, knowingly and willfully used and continue to use the SWAROVSKI Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Swarovski Products into the United States and Illinois over the Internet.

24. Monetary damages cannot adequately compensate Swarovski for ongoing infringement because monetary damages fail to address the loss of control of and damage to Swarovski's reputation and goodwill. Furthermore, monetary damages are difficult, if not impossible, to ascertain due to the inability to calculate measurable damage in dollars and cents caused to Swarovski's reputation and goodwill by acts of infringement.

25. Swarovski's goodwill and reputation are irreparably damaged when the SWAROVSKI Trademarks are used in connection with the offering for sale or sale of goods not authorized, produced, or manufactured by Swarovski. Moreover, brand confidence is damaged, which can result in a loss of future sales and market share. The extent of harm to Swarovski's

reputation and goodwill and the possible diversion of customers due to loss in brand confidence are largely unquantifiable.

26. Swarovski is further irreparably harmed by the unauthorized use of the SWAROVSKI Trademarks because counterfeiters take away Swarovski's ability to control the nature and quality of the Counterfeit Swarovski Products. Loss of quality control over goods offered for sale or sold under the SWAROVSKI Trademarks and, in turn, loss of control over our reputation is neither calculable nor precisely compensable.

27. The use of the SWAROVSKI Trademarks in connection with the offering for sale or sale of goods not authorized, produced, or manufactured by Swarovski is likely causing and will continue to cause consumer confusion, which weakens Swarovski's brand recognition and reputation. Consumers who mistakenly believe that the Counterfeit Swarovski Products he or she has purchased originated from Swarovski will come to believe that Swarovski offers low-quality products. Inferior quality products will result in increased skepticism and hesitance in consumers presented with genuine Swarovski Products, resulting in a loss or undermining of Swarovski's reputation and goodwill. Indeed, there is damage to Swarovski's reputation and goodwill even if a consumer knows that the goods he or she is purchasing are counterfeit. Prospective consumers who see inferior Counterfeit Swarovski Products worn or used by others may mistakenly believe such goods to be genuine and may consequently develop a poor impression of Swarovski and the SWAROVSKI Trademarks. Such post-sale confusion results in damage to Swarovski's reputation and correlates to a loss of unquantifiable future sales.

28. Swarovski is further irreparably damaged due to a loss of exclusivity. Swarovski Products are meant to be exclusive. Swarovski's extensive marketing efforts and innovative designs

are aimed at growing and sustaining sales. The SWAROVSKI Trademarks are distinctive and signify to consumers that the products originate from Swarovski and are manufactured to Swarovski's high quality standards. When counterfeiters use the SWAROVSKI Trademarks to offer for sale or sell goods without Swarovski's authorization, the exclusivity of Swarovski's Swarovski Products, as well as Swarovski's reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

29. Swarovski will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this the 9th day of March 2020 at Triesen, Principality of Liechtenstein.

_____
Pablo Vanel